O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 09-5959 AHM (CTx) | Date | November 30, 2009 |
|---|---|---|---|
| Title | GARY A. FREEDMAN et al. v. UNITED NATIONAL INSURANCE CO. | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Kendra Bradshaw | Not Reported | | |
| Deputy Clerk | Court Reporter / Recorder | | Tape No. |
| Attorneys **NOT** Present for Plaintiffs: | | Attorneys **NOT** Present for Defendants: | |

**Proceedings:**     IN CHAMBERS (No Proceedings Held)

Defendant United National Insurance Co. ("United National") has moved to strike the portion of Plaintiffs' First Amended Complaint ("FAC") that seeks attorneys fees pursuant to section 1619 of the California Insurance Code. For the foregoing reasons, the Court GRANTS Defendant's Motion to Strike.[1]

Plaintiffs Gary A. Freedman and the Law Offices of Gary Freedman (collectively "Plaintiffs") purchased a professional liability insurance policy from United National in September 2003. FAC ¶ 10. Under the Policy, United National had a duty to indemnify Plaintiffs against any claims arising out of their conduct as attorneys, and to indemnify them for all damages that they became legally obligated to pay, up to $2 million. FAC ¶ 13. Additionally, the Policy required United National to obtain Plaintiffs' written consent before settling any claim. FAC ¶ 15.

Plaintiffs were subsequently sued in an action (the "underlying action") that was covered by the Policy. FAC ¶ 16. Plaintiffs allege that the underlying action was without merit, that United National knew and acknowledged that it was without merit and that despite this United National improperly and in bad faith pressured Plaintiffs to settle the claim. FAC ¶ 18-22. United National subsequently settled the underlying lawsuit over Plaintiffs' objections and without their written consent. FAC ¶¶ 23-24, 27. Plaintiffs then brought this action for breach of contract and breach of the covenant of good faith and fair dealing against United National.

---

[1] Docket No. 13

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-5959 AHM (CTx) | Date | November 30, 2009 |
|---|---|---|---|
| Title | GARY A. FREEDMAN et al. v. UNITED NATIONAL INSURANCE CO. | | |

    Defendant United National has now moved to strike Plaintiffs' claim for attorneys fees under California Insurance Code § 1619 on the grounds that Plaintiffs' First Amended Complaint does not include any allegations under which Plaintiffs could be entitled to such relief.

    Section 1619 provides:

> In any action against a nonadmitted foreign or alien insurer upon a contract of insurance issued or delivered in this State to a resident thereof or to a corporation authorized to do business therein, <u>if the insurer has failed for 30 days after demand prior to the commencement of the action to make payment in accordance with the terms of the contract</u>, and it appears to the court that such refusal was vexatious and without reasonable cause, the court may allow to the plaintiff a reasonable attorney fee and include such fee in any judgment that may be rendered in such action[.]

(emphasis added). United National argues that Plaintiffs are not entitled to recover under section 1619 because Plaintiffs are not alleging that United National "failed . . . to make a payment." Under United National's reading of the statute, section 1619 applies only to situations where an insurer fails to make *any* payment under the policy, and not to situations such as the one at issue here where the insured challenges the validity of a payment that the insurer did make under the policy. Motion at 6-7.

    Plaintiffs make two arguments in support of their contention that they are entitled to attorneys fees under section 1619. First, they argue that the present action concerns not just United National's improper settling of the underlying action, but also United National's cutting off payment of future defense costs in the underlying action. Opp'n. at 4. Defendant correctly points out that although the FAC states that United National *threatened* to cut off payment of future defense costs, it does not state that United National ever did cut off payments.

    Second, Plaintiffs argue that section 1619 applies to situations where a payment was made, but not "in accordance with the terms of the contract." Opp'n. at 6-7. The Court disagrees with Plaintiffs' reading of section 1619. The language is clear that attorneys fees are available if the insurer failed to make a payment in accordance with the

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-5959 AHM (CTx) | Date | November 30, 2009 |
|---|---|---|---|
| Title | GARY A. FREEDMAN et al. v. UNITED NATIONAL INSURANCE CO. | | |

terms of the contract *after being demanded to do so*. Simply put, the statute does not provide for attorneys' fees in situations such as the one presented here—where an insurer has made payments under an insurance contract, but has done so over the insured's objections or in violation of the terms of the insurance contract. The FAC contains no allegations that Plaintiffs made any demand for payment under the insurance contract, or that United National failed to make a payment in response to such a demand. Accordingly, Plaintiffs are not entitled to seek attorneys fees pursuant to section 1619 and Defendant's Motion to Strike is GRANTED.

No hearing is necessary. Fed. R. Civ. P. 78; L. R. 7-15.

This order is not intended for publication or for inclusion in the LEXIS and Westlaw databases.

|  | : |  |
|---|---|---|
| Initials of Preparer | kb | |