O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-5959 AHM (CTx) | Date | December 21, 2010 |
|---|---|---|---|
| Title | GARY A. FREEDMAN, et al. v. UNITED NATIONAL INSURANCE CO., et al. | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Stephen Montes | Not Reported | | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |

Attorneys **NOT** Present for Plaintiffs:     Attorneys **NOT** Present for Defendants:

**Proceedings:**     IN CHAMBERS (No Proceedings Held)

Before the Court is defendant United National Insurance Co.'s ("UNIC") motion for partial summary judgment on claims brought by Gary A. Freedman and the Law Offices of Gary Freedman (collectively, "Freedman"). For the reasons set forth below, the motion is DENIED.[1]

## I.     INTRODUCTION

Freedman has alleged causes of action against UNIC for breach of contract and breach of the implied covenant of good faith and fair dealing ("bad faith"). Freedman alleges UNIC settled a malpractice lawsuit, for which UNIC was providing a defense, over Freedman's objections and without his consent. On March 15, 2010, UNIC filed a motion for summary judgment. On July 6, 2010, the Court issued an order denying UNIC's motion because a genuine issue of material fact existed as to whether UNIC settled the lawsuit without consent and whether it did so in bad faith.[2] The Court also denied UNIC's request to throw out Freedman's claim for punitive damages.

On July 15, 2010, the parties filed a joint stipulation to amend the Court's scheduling order.[3] The stipulation contemplated a 60-day continuance of all pre-trial

---

[1] Docket No. 48.

[2] Docket No. 44.

[3] Docket No. 45.

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-5959 AHM (CTx) | Date | December 21, 2010 |
|---|---|---|---|
| Title | GARY A. FREEDMAN, et al. v. UNITED NATIONAL INSURANCE CO., et al. | | |

dates and the trial. The parties submitted a proposed order with their stipulation. The proposed order stated "the pretrial dates and trial in this action shall be, and hereby are, continued for 60 days, as follows . . . ." What followed was a list of certain pretrial dates and the trial date. This list of pretrial dates to be continued did *not* include the last day for hearing motions, which the Court's scheduling order had set for October 18, 2010 (with motions to be filed by September 13, 2010). On July 16, 2010, the Court signed the proposed order as submitted, changing only the length of the continuance to 56 days, rather than the requested 60 days.[4]

On November 12, 2010, UNIC filed the present motion for partial summary judgment, to be heard on December 13, 2010. UNIC's motion seeks summary judgment on Freedman's punitive damages claim, arguing that discovery has closed and no evidence exists to support punitive damages. UNIC also seeks summary judgment on Freedman's claim for *Cumis* fees, asserting that *Cumis* fee disputes are subject to mandatory arbitration.

## II. ANALYSIS

Freedman opposes UNIC's motion for summary judgment on both procedural and substantive grounds. There is no need for the Court to reach the substantive merits. As Freedman argues, UNIC's motion is untimely. The Court's order continuing certain pretrial dates and the trial date – an order submitted by the parties themselves – did *not* continue the last day for hearing motions or the last day for filing motions. Per the Court's scheduling order, the last day to file motions remained September 13, 2010, more than two months before UNIC filed its second motion for summary judgment, and the last day for hearing motions remained October 18, 2010, nearly two months before the scheduled hearing on UNIC's second motion for summary judgment.

Even if the Court's order were interpreted to continue *all* pretrial dates, including those not listed in the order, UNIC's motion remains untimely. Under that strained interpretation of the order, the last day for filing motions would have been November 8, 2010, *i.e.*, 56 days after the previously scheduled date of September 13, 2010. But UNIC

---

[4]Docket No. 46.

O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-5959 AHM (CTx) | Date | December 21, 2010 |
|---|---|---|---|
| Title | GARY A. FREEDMAN, et al. v. UNITED NATIONAL INSURANCE CO., et al. | | |

did not file its motion until November 12, 2010.[5]

UNIC's argument to the contrary is meritless. UNIC concedes that the order continuing certain pretrial dates and the trial date, to which it stipulated, does not explicitly continue the last dates for filing and hearing motions. According to UNIC, however, it concluded that any dates not specifically mentioned in the order were not controlled by the Court's earlier scheduling order. Rather, UNIC unilaterally decided – apparently without conferring with Freedman or seeking guidance from the Court – to attach its own interpretation to the Court's generic presumptive schedule of pre-trial dates.

Although UNIC's self-serving gloss on the Court's July 16, 2010 order would make UNIC's motion timely, it is neither "reasonable" nor "appropriate", as UNIC claims. Even if the parties' own proposed order was intended to continue *all* pretrial dates, including those not listed in the order, the only reasonable and appropriate conclusion is that any unlisted dates would be continued for the same amount of time as the listed dates. There is no basis whatsoever to conclude that unlisted dates would be continued a *greater* amount of time than the listed dates.

/ / /

/ / /

/ / /

---

[5]In addition to being untimely, UNIC's motion for partial summary judgment did not include the required Statement of Undisputed Facts ("SUF"). This placed Freedman in the untenable position of attempting to oppose UNIC's motion without knowing upon what allegedly undisputed facts UNIC relied. It was only after Freedman filed his opposition that UNIC apparently realized its error and filed its SUF. The Court accepts counsel's representations that UNIC had prepared the SUF prior to filing its motion and only failed to file the SUF due to attorney oversight. Nonetheless, this failure properly to file the SUF further supports the Court's decision to deny UNIC's motion.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-5959 AHM (CTx) | Date | December 21, 2010 |
|---|---|---|---|
| Title | GARY A. FREEDMAN, et al. v. UNITED NATIONAL INSURANCE CO., et al. | | |

### III. CONCLUSION

Based on the foregoing, the Court DENIES UNIC's motion for partial summary judgment.

No hearing is necessary. Fed. R. Civ. P. 78; L.R. 7-15.

                                                                    :
                            Initials of Preparer         SMO